**LATIN AMERICA FINANCE GROUP, INC. and William Van Diepen, Plaintiffs–Appellants,**

v.

**Carlos PAREJA and Pareja y Asociados, Defendants– Appellees.**

No. 06–3888–cv.

United States Court of Appeals, Second Circuit.

Feb. 25, 2008.

David J. Hoffman, New York, NY, for Plaintiffs–Appellants.

Kathleen M. Kundar (Fox Horan & Camerini LLP), New York, NY, for Defendants–Appellees.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

**62**

### SUMMARY ORDER

Plaintiffs-appellants Latin America Finance Group, Inc. ("LatFin") and William A. van Diepen ("van Diepen") appeal from the district court's judgment, following a bench trial, dismissing plaintiffs' claims against defendants-appellees Carlos A. Pareja ("Pareja") and his law firm, Pareja y Asociados, for legal malpractice, breach of contract, and breach of fiduciary duty. When reviewing a district court's judgment after a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *Grace v. Corbis–Sygma*, 487 F.3d 113, 118 (2d Cir.2007). Applying such review to the district court's thorough findings and careful reasoning, we conclude that there is no merit to plaintiffs' appeal. We assume the parties' familiarity with the facts and procedural history of the case.

Plaintiffs argue that the district court erred when it determined that no attorney-client relationship existed between LatFin and Pareja. Plaintiffs rely on an engagement letter from van Diepen to Pareja dated April 1, 2001, to establish an attorney-client relationship between LatFin and Pareja. We review a district court's determination of whether a contract is ambiguous *de novo*, and review a district court's interpretation of an ambiguous contract for clear error. *Tourangeau v. Uniroyal, Inc.*, 101 F.3d 300, 306 (2d Cir.1996).

■ We find that the engagement letter was ambiguous. Thus, the district court "properly consider[ed] evidence extrinsic to the contract itself, including testimony offered by the parties." *Time Prods. v. Toy Biz*, 38 F.3d 660, 665 (2d Cir.1994). Based on the record before us, we identify no error, let alone clear error, in the district court's finding that LatFin was not defendants' client. Similarly, we conclude that the district court's factual conclusion that Pareja owed no duty regarding the security interest was not clearly erroneous.[1]

■ Finally, plaintiffs argue that the district court erred by excluding portions of testimony offered by plaintiffs' experts regarding Ecuadorian law. "We review a district court's decision to exclude expert testimony for abuse of discretion." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir.2004) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)). The exclusion of expert testimony is not an abuse of discretion unless it is "manifestly erroneous;" further, "the district court has broad discretion in determining what method is appropriate for evaluating [the] reliability [of proposed expert evidence] under the circumstances of each case." *Wills*, 379 F.3d at 41 (quoting *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir.2002)). Here, the district court admitted expert testimony that it found "relevant to this dispute" and excluded "additional testimony, some of it fact finding, some of it application of law to fact, and drawing ... conclusions as a result." We find no manifest error in the district court's determination, under the circumstances of the case, to exclude these categories of expert testimony.

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

1. The absence of an attorney-client relationship is fatal to plaintiffs' malpractice and breach of contract claims. We reach the issue of the scope of defendants' duty only insofar as it bears upon plaintiffs' breach of fiduciary duty claim.